UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATESSIA TAYLOR, | ) |
| Plaintiff, | ) Case:1:22-cv-04997 |
| v. | ) |
| WAL-MART STORES, INC. | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff, Latessia Taylor ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, Wal-Mart Stores, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") for Defendant's discrimination on the basis of sex and sexual harassment against Plaintiff, in violation of Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of sexual harassment and sex-based discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Latessia Taylor, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Wal-Mart Stores, Inc., is a corporation doing business in and for Cook County whose address is 3626 Touhy Avenue, Skokie, IL 60076.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as an associate in or about November 13, 2013.

12. Beginning in 2022, Plaintiff was sexually harassed by one of the Defendant's loss prevention employee (Abraham) (Male) nearly every time she went into work.

13. During Plaintiff's employment, she was subjected to sexually offensive comments by Abraham that included: "I can see your pu**y through your pants."

14. On or around April 14, 2022, during Plaintiff's lunch break, Abraham made another sexually offensive comment to her.

15. Plaintiff immediately objected to Abraham sexually offensive comments and advances.

16. As Plaintiff was returning to her shift, Abraham sexually assaulted Plaintiff by grabbing her buttocks.

17. Plaintiff was distraught by the sexual assault and became fearful for her safety.

18. The following day, when Plaintiff went on her lunch break, Abraham came in and sat next her and told Plaintiff, "I have a bone to pick with you… I want you." and began rubbing and touching Plaintiff inappropriately.

19. Plaintiff continued to grope Plaintiff and sexually touch her even though Plaintiff told him to stop as she was trying to get away from him.

20. Plaintiff immediately left the breakroom to go to the restroom to get away from Abraham.

21. Abraham followed Plaintiff in the restroom and attempted to grab her.

22. Fortunately, another female coworker was in the restroom and yelled at Abraham "you don't belong in here!"

23. Plaintiff promptly called the police and filed a police report against Abraham for the sexual assault.

24. Plaintiff reported the sexual harassment to her Manager, Allen (LNU) (Male), who ultimately ignored her complaints.

25. To best of Plaintiff's knowledge, Abraham was not terminated.

26. Plaintiff no longer felt comfortable or safe working at that location so she requested a transfer, which was ignored.

27. Due to the sexual harassment and Defendant's denial of Plaintiff's transfer, on July 27, 2022, Plaintiff was constructively discharged.

28. As such, Plaintiff has suffered loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT I
### Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

29. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

30. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

31. Defendant knew or should have known of the harassment.

32. The sexual harassment was severe or pervasive.

33. The sexual harassment was offensive subjectively and objectively.

34. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

35. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

36. By reason of Defendant's sexual harassment, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

**COUNT II**
**Sex-Based Discrimination in Violation of Title VII of**
**the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

37. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

39. Defendant treated similarly situated employees outside of Plaintiff's class more favorably.

40. Plaintiff suffered from an adverse employment action including but not limited to being constructively discharged.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

43. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th day of September 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
**CHAD W. EISENBACK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
E-mail: ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*